# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ALIVIA BLOUNT, | ) |
| | ) |
| Plaintiff, | ) No. 3:23-cv-00587 |
| | ) |
| v. | ) JUDGE CAMPBELL |
| | ) MAGISTRATE JUDGE NEWBERN |
| CHAR RESTAURANT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Alivia Blount filed a pro se Complaint against Char Restaurant (Doc. No. 1) and a supplement containing factual allegations. (Doc. No. 6). The Court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e).").

The Court applies the standard for Rule 12(b)(6), *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010), by viewing the Complaint in the light most favorable to plaintiff and taking all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). The Court then determines if the allegations "plausibly suggest an entitlement to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] formulaic recitation of the elements of a cause of action will not do,"

*id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)), and the plaintiff may not rely on unwarranted factual inferences or legal conclusions couched as factual allegations. *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

The Complaint brings a claim for racial discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"). Title VII is a key part of "the federal policy of prohibiting wrongful discrimination in the [n]ation's workplaces." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 342 (2013). Title VII makes it unlawful for an employer to discriminate against any individual with respect to her "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A Title VII discrimination plaintiff must plausibly allege that: (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was qualified for the position in question; and (4) she was treated differently from similarly situated individuals outside of her protected class. *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 709 (6th Cir. 2006); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 570 (6th Cir. 2004) (citing *Perry v. McGinnis*, 209 F.3d 597, 601 (6th Cir. 2000)).

Here, Plaintiff alleges that she applied for employment as a server at Char Restaurant and was offered a position. (Doc. No. 6 at 4.) Plaintiff encountered difficulties with the onboarding process and had to reschedule her training because onboarding was not complete. *Id*. Plaintiff spoke with management several times about the incomplete onboarding process. *Id*. She then "didn't follow up for three weeks." *Id*. Eventually, Plaintiff called the restaurant to inquire whether it was still hiring. *Id*. The manager answered in the affirmative but then informed Plaintiff that the restaurant did not wish to continue with the onboarding process due to "problems with [her]

communication." *Id.* at 5. The plaintiff alleges that her termination was an "excuse off the whim" that "felt like discrimination." *Id.*

These allegations, taken as true, do not provide a plausible basis for a Title VII racial discrimination claim. Critically, the allegations are limited to the plaintiff. The plaintiff does not allege that she was treated differently from similarly situated individuals outside of her protected class. "Instead, all that [the plaintiff] has offered . . . is her own subjective belief that she was . . . discriminated against based on her [race]." *Neff v. City of E. Lansing*, 724 F. App'x 448, 452 (6th Cir. 2018). Although the plaintiff may feel personally aggrieved by her termination, such subjective beliefs alone are insufficient to establish a plausible right to relief. *See Shorter v. Magneti Marelli of Tenn., LLC*, 613 F. Supp. 3d 1044, 1051-52 (M.D. Tenn. 2020) (citing *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 585 (6th Cir. 1992)). Accordingly, the Court concludes that the Complaint fails to state a colorable Title VII claim.

For these reasons, the Complaint is **DISMISSED**. Plaintiff's Motion for PACER E-filing Access (Doc. No. 6) is **DENIED AS MOOT**. This is the final order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b). Because an appeal would not be taken in good faith, the plaintiff is not certified to appeal the judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE